UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:03-CR-170-1-BO
No. 5:10-CV-76-BO

| | |
|---|---|
| DOUGLAS THOMAS PERSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | O R D E R |

This matter is before the Court on remand from the United States Court of Appeals for the Fourth Circuit for the purpose of determining which of Petitioner's claims are properly before the Court under 28 U.S.C. §2255 and which have been previously rejected by the Court and would therefore be considered second or successive.

## BACKGROUND

On September 24, 2003, Petitioner pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). As part of his plea agreement, Petitioner waived all rights to contest his conviction or sentence in any post-conviction proceeding, including any proceeding under §2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known at the time of the plea. On May 3, 2004, Petitioner was sentenced to 262 months of imprisonment.

Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. §2255 on May 6, 2005. The Court granted Respondent's Motion for Summary Judgment as to all of Petitioner's claims in his

§2255 Motion except his claim that his attorney had failed to file an appeal at Petitioner's request. The Court held an evidentiary hearing on this sole issue and on August 29, 2007, granted Petitioner's Motion for the limited purpose of allowing him to file an appeal, vacating the previous judgment of conviction and directing that a new judgment of conviction be entered. Petitioner filed a timely notice of appeal and on November 6, 2008, the Fourth Circuit affirmed this Court's sentence.

Petitioner again filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 on March 1, 2010, which was denied as a second or successive motion by this Court on March 3, 2010. Petitioner appealed, and the Fourth Circuit remanded the case for this Court to enter or deny a certificate of appealability. A certificate of appealability was entered on May 12, 2010, and the case was returned to the Fourth Circuit.

On June 29, 2011, the Fourth Circuit vacated this Court's opinion that Petitioner's §2255 Motion filed on March 1, 2010, was second or successive and remanded the matter for further proceedings. Accordingly, this Court must determine which of Petitioner's March 1, 2010 claims have already been dismissed on their merits by the Court's decision on June 22, 2006. As to any claim that has already been considered by this Court on their merits, Petitioner must have an opportunity to amend his Motion under §2255 to omit his repetitive claims. Otherwise, the Court will dismiss Petitioner's Motion as second or successive. *In re Williams*, 444 F. 3d 233 (4th Cir. 2006).

## DISCUSSION

"If a habeas petitioner (state or federal) filed an application for collateral relief that raises a successful appeal claim and additional claims, any subsequent petition will be considered

"second or successive" if (a) the district court ruled on the merits of the additional claims in the initial petition, and (b) the petitioner seeks to raise those claims again in the subsequent petition. In such a case, 'the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application.'" *Williams*, 444 F.3d at 236 (quoting *U.S. v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003)).

Petitioner's original §2255 petition raised the following claims: (1) his counsel was ineffective, (2) his plea was entered involuntarily and without full understanding of the consequences, (3) his sentencing enhancements were invalid under *United States v. Booker*, and (4) his criminal history category was excessive due to an improper application of the Career Offender enhancement. Petition later expounded on his ineffective assistance of counsel claim, alleging that (1) counsel failed to object to use of a prior state misdemeanor conviction in calculating Petitioner's sentence, (2) counsel failed to inform Petitioner of a potential career offender enhancement before he pled guilty, and (3) that counsel failed to file an appeal upon Petitioner's request. The Court dismissed on the merits all of Petitioner's claims except his claim that counsel failed to file an appeal upon request in its order of June 22, 2006.

Petitioner raises two claims in his March 2, 2010, §2255 petition, both of which are based on an argument that he received ineffective assistance of counsel. First, Petitioner alleges that counsel was ineffective for failing to put the government case to any adversarial testing before advising him to plead guilty, specifying that counsel was ineffective in advising Petitioner to plead guilty and waive his right to appeal without receiving any benefit for his guilty plea. Second, Petitioner alleges that counsel was ineffective at sentencing for failing to seek discovery in order to challenge the use of his prior state conviction in calculating his sentence.

3

Upon review, the Court finds that the claims for ineffective assistance of counsel raised in Petitioner's March 2, 2010, §2255 petition differ, if slightly, from the claims he raised in his initial §2255 petition. Accordingly, because these claims have not been previously assessed on their merits by this Court, they are not second or successive and Petitioner's §2255 Motion is allowed to proceed. The Government shall file its response to Petitioner's motion within thirty (30) days of the date of entry of this order.

SO ORDERED.

This \_\_15\_\_ day of November, 2011

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE